## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 22-14267-JGR |
| 303 INVESTMENTS, INC., | ) | Chapter 11 |
| | ) | |
| Debtor in Possession. | ) | |
| _____ | ) | |
| | ) | |
| MS MAN DEBT, LLC, a Florida | ) | |
| Limited Liability Company | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding. No. 22-1303-JGR |
| vs. | ) | |
| | ) | |
| 303 INVESTMENTS, INC., a Colorado | ) | |
| Corporation; COLLEGIATE | ) | |
| PEAKS BANK, a division of Glacier | ) | |
| Bank; BERKLEY BANK, a branch | ) | |
| of the First Bank of Downs; and | ) | |
| CHRISTOPHER REDIGER, an | ) | |
| Individual | ) | |
| | ) | |
| Defendants | ) | |

### FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR DETERMINATION OF VALIDITY, EXTENT AND PRIORITY OF LIENS

Plaintiff, MS MAN DEBT, LLC, a Florida limited liability company ("Plaintiff"), by and through its undersigned counsel, for its First Amended Complaint for Damages and for Determination of Validity, Extent, and Priority of Liens (the "Complaint"), against Defendants, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(2) and (9) of the Federal Rules of Bankruptcy Procedure.

5. Plaintiff is a Florida limited liability company with its principal place of business at 676 N. Michigan Avenue, 3300, Chicago, IL 60611.

6. Defendant the 303 Investments, Inc. (the "Debtor") is a Colorado corporation with its principal place of business at 10940 S. Parker Road, Unit 616, Parker, CO 80134.

7. Defendant Collegiate Peaks Bank, a division of Glacier Bank ("Collegiate Peaks") is a bank with its principal place of business at 3655 Brighton Blvd., Denver, CO 80216.

8. Defendant Berkley Bank, a branch of the State Bank of Downs ("Berkley") is a bank with its principal place of business at 7887 E. Belleview Ave., Suite 100, Englewood, CO 80111-6016.

9. Defendant Christopher Rediger ("Rediger") is an individual who resides at 7375 S. Jackson Gap Way, Aurora, CO 80016.

## FACTUAL ALLEGATIONS

10. On or about January 3, 2014, Derrick Myers ("Myers"), through an entity, 303Investments LLC, bought vacant land in Douglas County, which he would develop into the Hilltop Subdivision.

11. Myers and 303Investments LLC subdivided the land and recorded a plat and covenants, conditions and restrictions, to create the Hilltop Subdivision. The Douglas County Board of County Commissioners approved a plan under which the Hilltop Subdivision could be developed in three phases: Phase 1, 1A, and 2.

12. The Hilltop Subdivision consists of thirty (30) lots intended for the construction of residential homes. All of the homes are to be constructed on one street, with ten on one side of the street, ten on the other, and ten in a cul-de-sac at the north end of the street.

13. On or about April 18, 2019, 303Investments LLC conveyed the WilliamMRK Properties (defined below) to WilliamMRK Homes, LLC ("WilliamMRK") and retained the remaining lots in the Hilltop Subdivision. WilliamMRK is wholly owned by Myers. The ten WilliamMRK Properties form the cul-de-sac; the remaining lots front the street leading to the cul-de-sac.

14. On or about April 18, 2019, WilliamMRK executed ten (10) separate Construction Loan Promissory Notes (the "Promissory Notes"), each payable to Mainsail Capital d/b/a Snap.Build, a Florida limited liability company.

15. Plaintiff is the current holder of the Promissory Notes.

16. On or about April 18, 2019, WilliamMRK executed ten (10) separate Credit Agreements (the "Credit Agreements"), ten separate Building Loan Agreements (the "Loan Agreements"), and ten separate deeds of trust (the "Deeds of Trust"), securing the repayment of each of the Promissory Notes.

17. On or about April 18, 2019, Myers executed ten separate Guaranty Agreements (the "Guaranty Agreements" and collectively with the Promissory Notes, Credit Agreements, Loan Agreements, and Deeds of Trust, the "Loan Documents") guaranteeing the repayment of each of the Promissory Notes.

18. Myers executed the Loan Documents on behalf of WilliamMRK. In addition, Myers personally guaranteed the payment of the Promissory Notes.

19. The Deeds of Trust encumber the following ten properties:

    a. 5881 Freddy's Trail, Parker, CO 80138
    b. 5880 Freddy's Trail, Parker, CO 80138
    c. 5749 Freddy's Trail, Parker, CO 80138
    d. 5825 Freddy's Trail, Parker, CO 80138
    e. 5863 Freddy's Trail, Parker, CO 80138
    f. 5787 Freddy's Trail, Parker, CO 80138
    g. 5836 Freddy's Trail, Parker, CO 80138
    h. 5866 Freddy's Trail, Parker, CO 80138
    i. 5806 Freddy's Trail, Parker, CO 80138
    j. 5768 Freddy's Trail, Parker, CO 80138

and legally described as: LOTS 12-21, HILLTOP, COUNTY OF DOUGLAS, STATE OF COLORADO collectively, the "WilliamMRK Properties."

20. On or about August 12, 2019, 303Investments LLC conveyed all of the remaining lots in Hilltop Subdivision to the Debtor. The Debtor, like WilliamMRK, is wholly owned by Myers.

21. Upon information and belief, the Debtor currently owns the following fourteen properties in the Hilltop Subdivision:

    a. 5126 Freddy's Trail, Parker, CO 80138
    b. 5208 Freddy's Trail, Parker, CO 80138

      c. 5249 Freddy's Trail, Parker, CO 80138
      d. 5264 Freddy's Trail, Parker, CO 80138
      e. 5424 Freddy's Trail, Parker, CO 80138
      f. 5437 Freddy's Trail, Parker, CO 80138
      g. 5483 Freddy's Trail, Parker, CO 80138
      h. 5524 Freddy's Trail, Parker, CO 80138
      i. 5531 Freddy's Trail, Parker, CO 80138
      j. 5572 Freddy's Trail, Parker, CO 80138
      k. 5577 Freddy's Trail, Parker, CO 80138
      l. 5622 Freddy's Trail, Parker, CO 80138
      m. 5625 Freddy's Trail, Parker, CO 80138
      n. 5690 Freddy's Trail, Parker, CO 80138

and legally described as: LOTS 1-3, 6, 8-11, 22-26, and 30, HILLTOP, COUNTY OF DOUGLAS, STATE OF COLORADO (collectively, the "303 Properties").

    22.    Upon information and belief, Collegiate Peaks is the beneficiary of a deed of trust dated August 9, 2019 and recorded on August 12, 2019 at Reception Number 2019049865 of the records of the Douglas County Clerk and Recorder's Office which encumbers Lots 1-11 and 22-25 in the Hilltop Subdivision.

    23.    Upon information and belief, on April 14, 2021, Collegiate Peaks executed a Partial Release of Deed of Trust releasing its Deed of Trust encumbering Lot 6 (the "Lot 6 Partial Release").  The Lot 6 Partial Release was recorded on May 10, 2021 at Reception Number 2021060492 of the records of the Douglas County Clerk and Recorder.

    24.    Upon information and belief, on April 21, 2021, Collegiate Peaks executed a Partial Release of Deed of Trust releasing its Deed of Trust encumbering Lot 7 (the "Lot 7 Partial Release").  The Lot 7 Partial Release was recorded on April 28, 2021 at Reception Number 2021055111 of the records of the Douglas County Clerk and Recorder.

    25.    Upon information and belief, on April 21, 2021, Collegiate Peaks executed a Partial Release of Deed of Trust releasing its Deed of Trust encumbering Lot 3 (the "Lot 3 Partial Release").  The Lot 3 Partial Release was recorded on April 28, 2021 at Reception Number 2021055118 of the records of the Douglas County Clerk and Recorder.

    26.    Upon information and belief, on April 30, 2021, Collegiate Peaks executed a Partial Release of Deed of Trust releasing its Deed of Trust encumbering Lot 2 (the "Lot 2 Partial Release").  The Lot 2 Partial Release was recorded on April 28, 2021 at Reception Number 2021059714 of the  records of the Douglas County Clerk and Recorder.

    27.    Upon information and belief, Collegiate Peaks is the beneficiary of a deed of trust dated April 23, 2021 and recorded on May 11, 2021 at Reception Number 2021060671 of the records of the Douglas County Clerk and Recorder which encumbers Lot 2 in the Hilltop

Subdivision, commonly known as 5208 Freddy's Trail, Parker, CO 80138 (the "Lot 2 Deed of Trust"). The Lot 2 Deed of Trust was modified on or about March 25, 2022 to increase the principal balance secured by the Lot 2 Deed of Trust.

28. Upon information and belief, Collegiate Peaks is the beneficiary of a deed of trust dated April 23, 2021 and recorded on May 11, 2021 at Reception Number 2021060673 of the records of the Douglas County Clerk and Recorder which encumbers Lot 6 in the Hilltop Subdivision, commonly known as 5424 Freddy's Trail, Parker, CO 80138 (the "Lot 6 Deed of Trust"). The Lot 6 Deed of Trust was modified on or about March 25, 2022 to increase the principal balance secured by the Lot 6 Deed of Trust.

29. Upon information and belief, Berkley is the beneficiary of a deed of trust dated March 8, 2021 and recorded on March 10, 2021 at Reception Number 2021031856 of the records of the Douglas County Clerk and Recorder which encumbers Lot 3 in the Hilltop Subdivision, commonly known as 5264 Freddy's Trail, Parker, CO 80138.

30. Upon information and belief, Berkley is the beneficiary of a deed of trust dated January 27, 2022 and recorded on February 3, 2022 at Reception Number 2022008044 of the records of the Douglas County Clerk and Recorder which also encumbers Lot 3 in the Hilltop Subdivision, commonly knowns as 5264 Freddy's Trail, Parker, CO 80138.

31. Upon information and belief, Berkley is the beneficiary of a deed of trust dated April 29, 2022 and recorded May 4, 2022 at Reception Number 2022032172 of the records of the Douglas County Clerk and Recorder which encumbers Lot 8 in the Hilltop Subdivision, commonly known as 5524 Freddy's Trail, Parker, CO 80138.

32. Since August 2019, the Debtor has conveyed or sold six lots in the Hilltop Subdivision.

33. Upon information and belief, Rediger may have an interest in Lot 26 of Hilltop, commonly known as 5437 Freddy's Trail, Parker, CO 80134, by virtue of being the beneficiary of a Deed of Trust recorded in the real property records of Douglas County, Colorado on June 3, 2022 at Reception No. 2022039962.

34. The purpose of the funds loaned by Plaintiff (or its predecessor) to WilliamMRK, evidenced by the Promissory Notes, was to fund WilliamMRK's construction of ten homes (one on each of the ten WilliamMRK Properties).

35. Plaintiff (or its predecessor) loaned WilliamMRK money relying upon Myers' proposal for the development of the Hilltop Subdivision, which Myers stated had been approved by the Douglas County Board of County Commissioners.

36. The ten WilliamMRK Properties are located in the last phase of the development of the Hilltop Subdivision. Myers did not disclose to Plaintiff that development of the

WilliamMRK Properties could not begin unless and until the prior phases of development were complete. Notably, upon information and belief, Douglas County will not issue permits for development of any WilliamMRK Property until infrastructure supporting the properties is completed and the prior phases are complete.

37. As of the date of this Complaint, the prior phases are not fully complete, and thus no permit for a WilliamMRK Property may be issued.

38. WilliamMRK has failed to construct a single home on any of the WilliamMRK Properties to date. As of the date of this Complaint, the WilliamMRK Properties are vacant lots and do not have a paved road for access.

39. However, Myers and the Debtor have constructed homes on some of the 303 Properties. Home construction commenced because infrastructure supporting those properties, including a paved road for access, had been substantially completed.

40. Myers, the Debtor and WilliamMRK misled Plaintiff (or its predecessor) into believing that they would be financing improvements benefitting properties in which Plaintiff held a security interest, but instead submitted invoices to Plaintiff (or its predecessor or agents) for work benefitting the Debtor's properties. This scheme deliberately concealed that Plaintiff was paying the infrastructure costs for the entire subdivision.

41. Upon information and belief, Myers negotiated agreements with contractors or subcontractors for work to be performed for the Hilltop Subdivision as a whole, rather than for the 303 Properties and the WilliamMRK Properties separately. Then, once payment applications were received from the contractors or subcontractors, Myers withheld those from Plaintiff and instead created fraudulent "invoices" from the contractor or subcontractor and submitted those to Plaintiff. The fictitious invoices appear to bill WilliamMRK for work performed only in connection with the WilliamMRK lots when, in fact, the work primarily benefitted those properties held by the Debtor.

42. Upon information and belief, the Debtor did not pay anything towards the cost of infrastructure built by or installed by Edge Contracting. Rather, Plaintiff funded the bulk of Edge Contracting's work from the loan proceeds and WilliamMRK paid the balance.

43. As a result, the infrastructure for Phases 1 and 1A of the Hilltop Subdivision is complete, or at least sufficiently completed to permit home construction on the 303 Properties. This has resulted in the construction and sale of numerous homes by the Debtor.

44. The Debtor has claimed that its net profits exceed $270,000.00 per home built in the Hilltop Subdivision.

45. Infrastructure benefitting the WilliamMRK Properties is incomplete. To complete the infrastructure required to permit building upon the lots would require the construction of roads and dry utilities, among other things, estimated to cost at least an additional $1 million.

46. The Promissory Notes all matured in 2020.

47. WilliamMRK failed to make any payments under the Promissory Notes or pay the Promissory Notes in full at their Maturity Date.

48. Plaintiff and/or its predecessor demanded payment from WilliamMRK, but payment was not tendered.

49. WilliamMRK has failed to comply with its obligations under the Promissory Notes and Myers has failed to comply with his obligations pursuant to the Guaranty Agreements.

50. Upon information and belief, the development of the properties owned by the Debtor began in mid- to late 2019. The development of the 303 Properties continues as of the date of this Complaint.

51. Upon information and belief, infrastructure, including but not limited to earthwork and the installation of streets, utilities, sewer and/or retention ponds, to support lots in the entire Hilltop Subdivision, including lots owned by the Debtor, was constructed from mid- to late 2019 through 2020.

52. Upon information and belief, WilliamMRK and Myers commingled the funds from the Promissory Notes with the Debtor's funds, and misused and misapplied such funds to pay for infrastructure for and the development of the 303 Properties within the Hilltop Subdivision.

53. MS Man Debt initiated a lawsuit against the Debtor and others in the District Court of Douglas County, Colorado (the "Douglas District Court") on May 13, 2022, Case No. 2022CV30345 (the "State Court Litigation"), and filed a *lis pendens* in Douglas County, Colorado. In the State Court Litigation, Plaintiff brought claims asserting its rights to an equitable lien and constructive trust against the 303 Properties and seeking a judicial foreclosure of same.

54. On August 9, 2022, the Douglas District Court held an evidentiary hearing on the Debtor's petition for an order to show cause as to whether the *lis pendens* filed by Plaintiff was a spurious document. The Douglas District Court held that Plaintiff provided evidence and law to support its claim for a lien on the 303 Properties and that therefore the *lis pendens* was not "spurious" and that Plaintiff was entitled to a monetary award from the Debtor for its defense of the spurious document claim.

55. The Debtor filed its voluntary petition for relief under chapter 11, subchapter V, of the Bankruptcy Code on November 1, 2022. [Doc. 1.] The filing of the petition stayed all claims asserted against the Debtor and the 303 Properties in the State Court Litigation.

**FIRST CLAIM FOR RELIEF**
**Unjust Enrichment**
**Against the Debtor**

56. All averments in this Complaint are incorporated herein as though fully set forth.

57. The Debtor wrongfully benefitted from funds from the loans to WilliamMRK.

58. The Colorado Supreme Court has determined that a party is "unjustly enriched" when he benefits as a result of an unfair detriment to another. *Salzman v. Bachrach,* 996 P.2d 1263, 1265 (Colo.2000).

59. The Debtor benefited from the misuse and misapplication of the funds from the Promissory Notes.

60. The Debtor has been unjustly enriched by the misuse and misapplication of the funds, to the detriment of Plaintiff, when they had no legal right to do so.

61. It would be inequitable for the Debtor to retain the benefits of misusing the funds from the Promissory Notes without payment to Plaintiff.

62. Plaintiff is entitled to damages equal to the amount that the Debtor has been unjustly enriched.

**SECOND CLAIM FOR RELIEF**
**Civil Theft**
**Against the Debtor**

63. All averments in this Complaint are incorporated herein as though fully set forth.

64. WilliamMRK andMyers acting on behalf of the Debtor knowingly and fraudulently obtained control over the funds from the Promissory Notes and misused the funds to build infrastructure on, develop, and to benefit lots owned by the Debtor in violation of the Loan Documents and without authorization.

65. WilliamMRK, Myers and the Debtor acting on behalf of the Debtor fraudulently obtained control over Plaintiff's property with the intent to permanently deprive Plaintiff of the use and benefit of the Property.

66. As a direct and proximate result of the actions of WilliamMRK and Myers on behalf of the Debtor, Plaintiff has suffered and continues to suffer damages and losses in an amount to be proven at trial.

67. Plaintiff is entitled to recover treble damages, fees, and costs pursuant to C.R.S. § 18-4-405.

## THIRD CLAIM FOR RELIEF
### Intentional Interference with Contractual Obligations
### Against the Debtor

68. All averments in this Complaint are incorporated herein as though fully set forth.

69. WilliamMRK entered into contracts, consisting of the Loan Documents, for loans from Plaintiff.

70. Myers had knowledge of the Loan Documents by virtue of his own personal guarantee of the loans.

71. Upon information and belief, the Debtor had knowledge of the Loan Documents and the obligations therein by virtue of its relationship with one of its principals, Myers.

72. The Debtor also had constructive knowledge of the Loan Documents by virtue of the recorded Deeds of Trust.

73. The Debtor interfered with the Loan Documents by inducing WilliamMRK to give it loan proceeds and/or use loan proceeds for purposes that were contradictory and in violation of the Loan Documents and to default under the Loan Documents.

74. The Debtor's interference with the Loan Documents was improper.

75. As the result of the Debtor's interference with the Loan Documents, WilliamMRK did not perform its contractual obligations to Plaintiff.

76. As a direct and proximate result of the Debtor's interference, Plaintiff has suffered and will continue to suffer damages and losses in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Equitable Lien
### Against the Debtor, Collegiate Peaks, Berkley, and Rediger

77. All averments in this Complaint are incorporated herein as though fully set forth.

78. Upon information and belief, funds from Promissory Notes were used to improve all of the 303 Properties and/or other properties in the Hilltop Subdivision.

79. The Debtor and all Defendants with an interest in their properties, benefitted from the funds to the detriment of Plaintiff.

80. Plaintiff respectfully requests that the Court declare that Plaintiff has an equitable lien on the 303 Properties in an amount equal to the amount of funds from the Promissory Notes used to improve those properties and that such lien is prior to and superior to all other interests in the 303 Properties. Such liens are properly created "out of considerations of right and justice, as applied to the relations of the parties and the circumstances of their dealings." *Leyden v. Citicorp Indus. Bank*, 782 P.2d 6 (Colo. 1989).

## FIFTH CLAIM FOR RELIEF
### Declaratory Judgment Regarding the Validity, Extent and Priority of Liens on the 303 Properties Against the Debtor, Collegiate Peaks, Berkley and Rediger

81. All averments in this Complaint are incorporated herein as though fully set forth.

82. Plaintiff and all of the Defendants have interests or purported interests in the subject properties.

83. Genuine controversies exist between Defendants and Plaintiff as to the use of funds from the Promissory Notes being used to improve properties in the Hilltop Subdivision, including the 303 Properties (as defined in paragraph 22), and the potential equitable liens against the 303 Properties.

84. Defendants benefited from the misuse and misapplication of the funds from the Promissory Notes.

85. Declarations of the parties' respective rights, statuses, and legal relations and obligations are needed in order to terminate the controversies.

86. Plaintiff seeks a determination of the validity, priority, and extent of liens against the 303 Properties.

87. Plaintiff intended to fund the improvement of the WilliamMRK Properties in the Hilltop Subdivision only, as evidenced by the Loan Documents. Plaintiff is entitled to a determination that the WilliamMRK, the Debtor, and Myers misused the loan proceeds to benefit the 303 Properties, and that the increased value and/or profits attributable to that misuse is to be deemed an equitable lien against the 303 Properties.

88. Plaintiff seeks a declaratory judgment and a decree finding and ordering that Plaintiff has an equitable lien on the 303 Properties, in an amount equal to the amount of funds from the Promissory Notes used to improve those properties and that such lien relates back to the time the proceeds from the Promissory Notes were used to improve the 303 Properties and that such lien is thus prior to and superior to all other interests in the 303 Properties.

### SIXTH CLAIM FOR RELIEF
### Fraud
### Against the Debtor

89. All averments in this Complaint are incorporated herein as though fully set forth.

90. Myers is the sole owner of both the Debtor and WilliamMRK as well as a principal of both.

91. Myers and WilliamMRK acting on behalf of the Debtor concealed facts from Plaintiff when they withheld true pay applications and other documents and information from contractors or subcontractors from Plaintiff and instead created false "invoices" that misrepresented amounts to be funded by Plaintiff and the use of the funds.

92. The true amounts to be paid out of the loan proceeds to improve the WilliamMRK Properties to contractors and subcontractors and the true use of the funds were material.

93. Myers and WilliamMRK acting on behalf of the Debtor withheld or concealed the true amounts to be paid to contractors and subcontractors from the loan proceeds to improve the WilliamMRK Properties with the intent to create a false impression of the actual facts in the mind of Plaintiff.

94. Myers and WilliamMRK acting on behalf of the Debtor withheld or concealed the true amounts owed to contractors and subcontractors related to improvements to the WilliamMRK Properties and the true use of the funds, along with other documents and information, with the intent that Plaintiff would pay the false or misleading invoices they created to the benefit of the Debtor.

95. Plaintiff paid the false or misleading invoices created by Myers and WilliamMRK acting on the Debtor's behalf.

96. Plaintiff's reliance was justified and resulted in damages to Plaintiff.

### SEVENTH CLAIM FOR RELIEF
### Horizontal Veil Piercing
### Against the Debtor

97. All averments in this Complaint are incorporated herein as though fully set forth.

98. Both WilliamMRK and the Debtor are wholly owned by Myers. In its Schedules, the Debtor listed WilliamMRK as a "passthrough Entity." Either WilliamMRK or Myers is listed as a "co-debtor" on the vast majority of the Debtor's debts. And, in addition, the Debtor made payments to WilliamMRK of $3,252,664.30 in the approximately 90 days prior to the filing of the bankruptcy petition.

99. Both WilliamMRK and the Debtor are mere alter egos of Myers as evidenced by the following:

   a. Upon information and belief, WilliamMRK and Myers commingled the funds from the Promissory Notes with the Debtor's funds;

   b. The nature and form of the ownership and control of WilliamMRK and the Debtor facilitates misuse by Myers, insofar as he is the sole owner and person in control; and

   c. WilliamMRK's funds, namely the proceeds from the Promissory Notes, were used for noncorporate purposes.

100. WilliamMRK and the Debtor are mere instrumentalities of Myer's affairs.

101. There is such a unity of control and ownership between WilliamMRK and the Debtor that it would be unjust to regard the two as separate legal entities.

102. Upon information and belief, the relationship between WilliamMRK, the Debtor, and Myers has been used to perpetrate a wrong on Plaintiff as complained herein. Specifically, Plaintiff alleges the following:

   a. WilliamMRK and Myers misused and misapplied the loan funds to pay for infrastructure for and the development of all of the lots within the Hilltop Subdivision, including the 303 Properties, instead of the stated purpose of such funds as evidenced by the Promissory Notes, *i.e.*, to fund WilliamMRK's construction of ten homes (one on each of the ten WilliamMRK Properties).

   b. Despite receipt of the funds under the Promissory Note, WilliamMRK has failed to construct a single home on any of the WilliamMRK Properties to date. The WilliamMRK Properties are vacant lots and do not have a paved road for access, while all loan proceeds have been expended by the Debtor.

   c. Myers, the Debtor and WilliamMRK misled Plaintiff (or its predecessor) into believing that they would be financing improvements benefitting properties in which Plaintiff held a security interest, but instead submitted invoices to Plaintiff (or its predecessor or agents) for work benefitting the Debtor's properties.

    d. Upon information and belief, Myers negotiated agreements with contractors or subcontractors for work to be performed for the Hilltop Subdivision as a whole or upon the 303 Properties rather than for the WilliamMRK Properties separately or at all.

    e. Once payment applications were received from the contractors or subcontractors, Myers withheld those from Plaintiff and instead created fraudulent "invoices" from the contractor or subcontractor and submitted those to Plaintiff. The fictitious invoices appear to bill WilliamMRK for work performed only in connection with the WilliamMRK lots when, in fact, the work primarily benefitted those properties held by the Debtor.

    f. This scheme deliberately concealed that Plaintiff was paying the infrastructure costs forthe 303 Properties , as opposed to the the WilliamMRK properties.

103. Principles of equity and fairness suggest that this Court should disregard the corporate forms of WilliamMRK and the Debtor and hold the Debtor liable for the misconduct of Myers and WilliamMRK complained of herein.

## EIGHTH CLAIM FOR RELIEF
### Non-Dischargeability of Debt
### Against the Debtor

104. All averments in this Complaint are incorporated herein as though fully set forth.

105. The Debtor owes Plaintiff a debt for money obtained by false pretenses, false representations and fraud.

106. In addition, the debt owed by Debtor to Plaintiff arises from willful and malicious injury by the Debtor to Plaintiff.

107. Such debt is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2) and (6).

WHEREFORE, Plaintiff, MS MAN DEBT LLC, respectfully requests that the Court:

    A. Enter judgment in favor of Plaintiff and against the Debtor for all of Plaintiff's damages resulting from the Debtor's misuse of the loan proceeds in an amount to be determined at trial, interest, attorneys' fees and costs;

    B. For an Order and decree finding Plaintiff has an equitable lien against the 303 Properties in an amount equal to the amount of funds from the Promissory Notes used to improve those properties, that is prior to and superior to all other interests in the properties;

C. For an Order and decree finding the Debtor liable for the debts owed to Plaintiff as a result of the misconduct of WilliamMRK and Myers and the relationship between WilliamMRK, Myers, and 303 Investments.

D. For an Order and decree finding that the debts owed to Plaintiff by the Debtor are non-dischargeable; and

E. For such other and further relief as the Court deems just and proper.

Respectfully submitted this 17th day of January, 2023.

        MARKUS WILLIAMS YOUNG & HUNSICKER LLC

        *s/Jennifer M. Salisbury*
        Jennifer M. Salisbury, #37168
        1775 Sherman Street, Suite 1950
        Denver, Colorado 80203
        Telephone (303) 830-0800
        Facsimile (303) 830-0809
        jsalisbury@markuswilliams.com
        *Counsel for Plaintiff, MS Man Debt, LLC*