IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| 303 INVESTMENTS, INC., | ) | Case No. 22-14267-JGR |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| MS MAN DEBT, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 22-1303-JGR |
| | ) | |
| 303 INVESTMENTS INC., et al, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT COLLEGIATE PEAKS BANK'S**
**MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR**
**DETERMINATION OF VALIDITY, EXTENT AND PRIORITY OF LIENS**

COMES NOW Defendant Collegiate Peaks Bank ("**Collegiate Peaks Bank**"), by and through counsel, and moves to dismiss Plaintiff's First, Second, Fourth, Fifth, Sixth and Seventh Claims for Relief asserted in the First Amended Complaint for Damages and for Determination of Validity, Extent and Priority of Liens (the "**Complaint**") filed by Plaintiff MS Man Debt, LLC ("**MS**" or "**Plaintiff**"). In support of this motion, Collegiate Peaks Bank states:

### INTRODUCTION

1. At bottom, the issue in the Complaint is the priority of liens on property in a real estate subdivision, commonly referred to as Hilltop Subdivision, located in the City of Parker, County of Douglas, Colorado. Collegiate Peaks Bank is the owner and holder of three promissory notes, the repayment of which are secured by perfected liens entitled to first priority on lots within the Hilltop Subdivision.

2. On or about August 9, 2019, WilliamMRK Homes, LLC ("**WilliamMRK**") borrowed $1,615,000.00 from Collegiate Peaks Bank under a straight line of credit loan for the purpose of constructing homes in the Hilltop Subdivision (the "**Hilltop Loan**"). To evidence its obligations under the Hilltop Loan, WilliamMRK executed and delivered to Collegiate Peaks Bank a Promissory Note in the principal amount of $1,615,000.00 (as amended from time to time thereafter, the "**Hilltop Promissory Note**").

3. By Commercial Guaranty dated August 9, 2019, 303 Investments, Inc. ("**303 Investments**" or "**Debtor**") unconditionally guaranteed full and punctual payment and satisfaction of all indebtedness of WilliamMRK to Collegiate Peaks Bank, including the Hilltop Loan and the Hilltop Promissory Note (the "**303 Investments Guaranty**"). To secure payment and performance under the 303 Investments Guaranty, 303 Investments granted to Collegiate Peaks Bank liens and security interests in real property owned by 303 Investments described as Lots 1-11 and 22-25 inclusive, Hilltop Subdivision, County of Douglas, State of Colorado and commonly addressed as Freddy's Trail (the "**Hilltop Lots**"). Collegiate Peaks Bank's liens in the Hilltop Lots are evidenced and perfected by that Construction Deed of Trust dated August 9, 2019 and recorded in Douglas County, Colorado on August 12, 2019 as Ref # 2019049865 (as modified thereafter, the "**Hilltop Lots Deed of Trust**"). In addition, by virtue of that Commercial Security Agreement dated August 9, 2019, 303 Investments granted to Collegiate Peaks Bank liens and security interests in all material, including fixtures, not attached to the constructed building but on the Hilltop Lots, accounts, general intangibles, rents, accessions, attachments, tools and all proceeds from the sale, destruction, loss, or other disposition of the foregoing collateral (the "**Hilltop Lots Collateral**").

4. As of December 29, 2022, the indebtedness under the Hilltop Promissory Note included $607,500.00 in principal, $16,818.60 in accrued interest, and $210.34 in late fees, plus additional fees, costs, and charges, including attorney's fees.

5. On or about April 23, 2021, 303 Investments borrowed $735,000.00 from Collegiate Peaks Bank under a straight line of credit loan for the purpose of constructing a home on Lot 2 of the Hilltop Subdivision, commonly known as Lot 2 or 5208 Freddy's Trail, Parker, Colorado (the "**Lot 2 Loan**"). To evidence its obligations under the Lot 2 Loan, 303 Investments executed and delivered to Collegiate Peaks Bank a Promissory Note in the principal amount of $735,000.00 (as amended from time to time thereafter, including increasing the principal amount to $785,000.00, the "**Lot 2 Promissory Note**"). As of December 29, 2022, the indebtedness under the Lot 2 Promissory Note included $784,748,82 in principal, $18,275.08 in accrued interest, and $39,504.32 in late fees, plus additional fees, costs, and charges, including attorney's fees.

6. To secure payment and performance under the Lot 2 Loan and the Lot 2 Promissory Note, 303 Investments granted to Collegiate Peaks Bank liens and security interests in real property owned by 303 Investments described as Lot 2, Hilltop Subdivision, County of Douglas, State of Colorado and commonly addressed as 5208 Freddy's Trail ("**Lot 2**"). Collegiate Peaks Bank's liens in Lot 2 are evidenced and perfected by that Construction Deed of Trust dated April 23, 2021 and recorded in Douglas County, Colorado on May 11, 2021 as Ref # 2021060671 (as modified thereafter, the "**Lot 2 Deed of Trust**").

7. On or about April 23, 2021, 303 Investments borrowed $735,000.00 from Collegiate Peaks Bank under a straight line of credit loan for the purpose of constructing a home on Lot 6 of the Hilltop Subdivision, commonly known as Lot 6 or 5424 Freddy's Trail, Parker, Colorado (the "**Lot 6 Loan**"). To evidence its obligations under the Lot 6 Loan, 303 Investments

3

executed and delivered to Collegiate Peaks Bank a Promissory Note in the principal amount of $735,000.00 (as amended from time to time thereafter, including increasing the principal amount to $785,000.00, the "**Lot 6 Promissory Note**"). As of December 29, 2022, the indebtedness under the Lot 6 Promissory Note included $763,149.17 in principal, $17,771.97 in accrued interest, and $38,416.98 in late fees, plus additional fees, costs, and charges, including attorney's fees.

8. To secure payment and performance under the Lot 6 Loan and the Lot 6 Promissory Note, 303 Investments granted to Collegiate Peaks Bank liens and security interests in real property owned by 303 Investments described as Lot 6, Hilltop Subdivision, County of Douglas, State of Colorado and commonly addressed as 5424 Freddy's Trail ("**Lot 6**"). Collegiate Peaks Bank's liens in Lot 6 are evidenced and perfected by that Construction Deed of Trust dated April 23, 2021 and recorded in Douglas County, Colorado on May 11, 2021 as Ref # 2021060673 (as modified thereafter, the "**Lot 6 Deed of Trust**").

9. On or about July 25, 2019, 303 Investments borrowed $85,000.00 from Collegiate Peaks Bank under a straight line of credit loan (the "**Elizabeth Cross Roads Loan**"). To evidence its obligations under the Elizabeth Cross Roads Loan, 303 Investments executed and delivered to Collegiate Peaks Bank a Promissory Note in the principal amount of $85,000.00 (as amended from time to time thereafter, the "**Elizabeth Cross Roads Promissory Note**"). As of December 29, 2022 the indebtedness under the Elizabeth Cross Roads Promissory Note included $46,583.00 in principal, $697.18 in accrued interest, and $41.34 in late fees, plus additional fees, costs, and charges, including attorney's fees.

10. To secure payment and performance under the Elizabeth Cross Roads Loan and the Elizabeth Cross Roads Promissory Note, 303 Investments granted to Collegiate Peaks Bank liens and security interests in real property owned by 303 Investments described as Lot 6, Elizabeth

4

Cross Roads Business Park, County of Elbert, State of Colorado and commonly addressed as 767 Crossroad Circle, Elizabeth, Colorado ("**767 Crossroad Circle**"). Collegiate Peaks Bank's liens in 767 Crossroad Circle are evidenced and perfected by that Construction Deed of Trust dated July 25, 2019 and recorded in Elbert County, Colorado on August 19, 2019 at Book 796, Page 781 (the "**767 Crossroad Circle Deed of Trust**").

11. For the following reasons, the First, Second, Fourth, Fifth, Sixth and Seventh Claims for Relief should be dismissed.

12. By the First, Second and Seventh Claims for Relief, Plaintiff seeks monetary damages from the Debtor for unjust enrichment, civil theft, and horizontal veil piercing, respectively. But these causes of action, if viable, resulted in direct injury to the WilliamMRK. Accordingly, these claims belong to WilliamMRK, not to MS Man. Lacking standing to prosecute these corporate claims, MS Man's First, Second and Seventh Claims for Relief should be dismissed for failure to state a claim.

13. MS Man's Sixth Claim for Relief, which also seeks monetary damages from the Debtor for fraud, fails to allege the Debtor's conduct with sufficient particularity to satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), as made applicable to this case by Rule 7009 of the Federal Rules of Bankruptcy Procedure. On that basis alone, the Sixth Claim for Relief should be dismissed.

14. Although seeking multiple legal remedies and monetary damages for the alleged conduct of the claimed agents of the Debtor, Plaintiff also asks the Court to impress lots owned by the Debtor within the Hilltop Subdivision with an equitable lien. Even assuming the veracity of the claims against the Debtor, MS Man's equitable lien claims fail as a matter of law.

15. Finally, Plaintiff seeks this Court's declaration that the equitable liens to be awarded prime the perfected liens of Collegiate Peaks Bank and the other defendants.

A. **Plaintiff's Fourth and Fifth Claims for Equitable Lien Do Not State Causes of Action.**

16. Plaintiff's Fourth Claim for Relief seeks this Court's declaration that MS Man has an equitable lien on certain properties owned by the Debtor and in which Collegiate Peaks Bank holds perfected liens. In addition, MS Man seeks this Court's declaration that such an equitable lien, if ordered, is prior to and superior to all other interests in those properties. Plaintiff's Fifth Claim for Relief purports to plead an action for declaratory judgment regarding the validity, extent and priority of the liens on properties owned by the Debtor. However, the Fifth Claim for Relief is simply a repeat of the Fourth Claim for Relief. MS Man again seeks a declaratory judgment that MS Man has an equitable lien on property owned by the Debtor and that the equitable lien is superior to all other interests, including the perfected liens held by Collegiate Peaks Bank.

17. There are numerous deficiencies with the Fourth and Fifth Claims for Relief, each of which standing alone warrants dismissal.

18. First, Plaintiff's claims for equitable lien are not cognizable claims or state causes of action. Rather, MS Man's claim for an equitable lien is a legal form of an equitable remedy. *Stone Creek Business Center, LLLP v. Stone Creek-Colorado, LLC*, 2021 WL 877715, at *10 (D. Colo. 2021) (dismissal of equitable lien and constructive trust claims pled as claims seeking declaratory judgment); *Morally v. Marabella Partners, LLC*, 2006 WL 2038388, at *8 (D. Colo. 2006) (dismissing claim for constructive trust because it asserts a legal theory "not cognizable as a matter of law"). Because an equitable lien claim is not a separate cause of action, the Fourth and Fifth Claims for Relief fail as a matter of law and should be dismissed. *Id*.

6

19. Second, equity will not act if there is an adequate remedy at law. Here, the legal remedies available to MS Man, including (a) causes of action against WilliamMRK, its borrower, under its loan documents, (b) causes of action which have been asserted by Plaintiff in the Complaint and (c) causes of action against the Debtor and other defendants in the action pending in the District Court for Douglas County, Colorado and bearing Case No. 22CV030345, are adequate to protect Plaintiff's interests. *See In re Marriage of Hall*, 971 P.2d 677, 678-79 (Colo. App. 1998). An equitable lien, as a creature of equity, is available only when the law affords none. *In Re Estate of Kubby*, 929 P.2d 55 (Colo. App. 1996).

20. Third, an equitable lien is not good as against one who acquired an interest in the property without knowledge or notice. *Valley State Bank v. Dean*, 47 P.2d 924, 927 (Colo. 1935); Restatement of Restitution §161, Comment d. Plaintiff fails to allege that Collegiate Peaks Bank had notice of any facts giving rise to an equitable lien or facts, if any, which support the contention that an unrecorded claim of an equitable lien supersedes prior recorded liens. Accordingly, the Fourth and Fifth Claims for Relief fail to adequately plead facts or a legal basis upon which the Court could find that an equitable lien would enjoy a higher priority than the properly perfected liens of Collegiate Peaks Bank.

21. Fourth, Plaintiff has not pleaded that 303 Investments and MS Man intended to charge the Debtor's property subject to the liens of Collegiate Peaks Bank as security for WilliamMRK's obligations to MS. *See Barocas v. Bohemia Imp. Co.*, 518 P.2d 850, 852 (Colo. App. 1974)(equitable liens arise only where there is evidence that the parties intended to charge a particular property or fund as security), *accord Bachrach v. Salzman*, 981 P.2d 219, 222 (Colo. App. 1999).

22.   As Plaintiff's Fourth and Fifth Claims for relief fail to state a claim upon which relief may be granted, they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as made applicable to this case by Federal Rule of Bankruptcy Procedure 7012.

**B.   Plaintiff Has No Standing to Bring the First (Unjust Enrichment) and Second (Civil Theft).**

23.   Plaintiff's First Claim for Relief alleges that Debtor wrongfully benefitted from Plaintiff's loans to WilliamMRK and therefore is liable for unjust enrichment. Plaintiff's Second Claim rests on the Debtor's alleged theft and use of WilliamMRK's funds.

24.   However, the First and Second Claims for Relief belong to WilliamMRK and are not Plaintiff's claims to assert. As Plaintiff lacks standing to assert such claims, these claims must be dismissed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *See also Ainscough v. Owens,* 90 P.3d 851, 855 (Colo. 2004)("Standing is a threshold issue that must be satisfied in order to decide a case on the merits.").

25.   Whether a particular action arising under state law belongs to the debtor or to individual creditors is a question of state law. *See e.g, Kearney v. Unsecured Creditors Committee*, 987 F.3d 1284, 1291 (10th Cir. 2021); *St. Paul Fire & Marine Insurance Co. v. PepsiCo, Inc.*, 884 F.2d 688, 700 (2d Cir.1989). As a matter of state law, only WilliamMRK or its shareholders may bring a claim against the Debtor for stealing or unjustly utilizing WilliamMRK's funds without benefit to WilliamMRK. *See River Mgmt. Corp. v. Lodge Properties Inc.,* 829 P.2d 398, 403 (Colo. App. 1991)( "In general, claims of waste and mismanagement of corporate assets are claims which allege injury to the corporation and, thus, can only be raised by the corporation itself or by the stockholders in a derivative suit.")(internal citations omitted). While Plaintiff's collateral position may be negatively affected by its borrower's failure to prosecute a claim against Debtor, such effect does not confer standing upon Plaintiff to assert the claims belonging to the corporation.

8

26. To determine to whom a cause of action belongs, a court should "look to the injury for which relief is sought and consider whether it is peculiar and personal to the claimant or general and common to corporation and creditors." *In re E.F. Hutton Southwest Properties II, Ltd.*, 103 B.R. 808, 812 (Bankr. N.D. Tex. 1989), *citing Koch Ref. v. Farmers Union Cent. Exch., Inc.,* 831 F.2d 1339, 1349 (7th Cir. 1987). With respect to the alleged unjust enrichment and civil theft of money from WilliamMRK, liability, if any, is to all creditors of the corporation. WilliamMRK was directly injured. Accordingly, the right to prosecute and recover on such claim is general and belongs to the corporation. *See Koch Refining*, 831 F.2d at 1343.

27. Plaintiff has not claimed (and cannot claim) that it is the only creditor of WilliamMRK harmed by the allegedly improper conduct or that no other creditor has an interest in the cause of action or any recovery. The unjust enrichment and civil theft claims are not "personal" to MS Man. As a single creditor, it may not bring an action on its own behalf and for its sole benefit because the alleged injury it suffered is common to and shared by all creditors of WilliamMRK. *See Koch Refining*, 831 F.2d at 1348-49. Any recovery, like the payments themselves, is a corporate asset that belongs to the corporation, not to the individual creditors. If MS Man is permitted to proceed with the unjust enrichment and civil theft claims, so too could every other creditor of WilliamMRK, resulting in a multiplicity of litigation and disproportionate recovery.

28. Accordingly, Plaintiff's First and Second Claims should be dismissed for lack of subject-matter jurisdiction.

    **C.**    **The Court Lacks Jurisdiction Over Plaintiff's Seventh Claim for Relief (Horizontal Veil Piercing).**

    29.    MS Man's Seventh Claim for Relief alleges that the separate corporate forms of both WilliamMRK and 303 Investments should be disregarded, and as a result, the Debtor is liable for the actions of Myers and WilliamMRK.

    30.    To establish a claim for horizontal veil piercing, the Plaintiff must first pierce veils separating each entity from the parent or common owner. *See Dill v. Rembrandt Group, Inc.*, 474 P.3d 176, 184-85 (Colo. App. 2020). This requires the Court to examine and render judgment on the relationship between WilliamMRK, its owner and its creditors. However, the Court has no jurisdiction under 28 U.S.C. ¶1334 to determine: (a) whether WilliamMRK is the alter ego of Myers; (b) whether the alleged corporate fiction between WilliamMRK and Myers was used to perpetrate a fraud or defeat a rightful claim of MS Man, (c) whether disregarding the separate corporate form of WilliamMRK would achieve an equitable result, and (d) whether there are extraordinary circumstances which justify disregarding WilliamMRK's separate corporate form. *See McCallum Family L.L.C. v. Winger*, 221 P.3d 69, 74 (Colo. App. 2009).

    31.    As the Court lacks jurisdiction over a critical element of a horizontal veil piercing claim, the Plaintiff's Seventh Claim for Relief must be dismissed.

**D.**    **The Sixth Claim for Relief Fails to Plead Fraud with Particularity.**

    32.    In Plaintiff's Sixth Claim, Plaintiff alleges that Derrick Myers and WilliamMRK, allegedly acting on the behalf of the Debtor, engaged in a vague scheme to trick Plaintiff into continuing to advance on its loan to WilliamMRK.

    33.    In addition to being yet another thinly veiled attempt to improperly reach the assets of the Debtor to recover for the failures of Plaintiff's borrower (and of Plaintiff), Plaintiff has failed to plead fraud with particularity.

34.     Federal Rule of Civil Procedure 9(b) calls for a heightened pleading standard and demands that fraud be pled with particularity. *In re Accelr8 Technology Corp. Securities Litigation*, 147 F.Supp.2d 1049, 1054 (D. Colo. 2001) (citing Fed. R. Civ. P. 9(b)). In order to meet this heightened pleading standard, a plaintiff must plead "the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Est. of Bogue v. Adams*, 405 F. Supp. 3d 929, 939 (D. Colo. 2019)(citing *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)).

35.     Plaintiff's Sixth Claim fails to meet the particularity standard, as it contains no allegations regarding when or where the allegedly fraudulent invoices were produced. Conclusory allegations that the Debtor "misled Plaintiff into believing that they would be financing improvements benefitting properties in which Plaintiff held a security interest" or that Debtor "submitted invoices to Plaintiff for work benefitting the Debtor's properties" (Complaint, ¶40), are mere conclusions. Furthermore, Plaintiff's allegations that Myers and/or WilliamMRK created fraudulent "invoices" (Complaint, ¶¶41 and 102) fail to even mention the Debtor. Likewise, the vague allegation that the contents of the invoices were "false" is again a conclusion that fails to allege how the submitted invoices were false.

36.     Finally, Plaintiff summarily alleges that Derrick Myers and WilliamMRK, "acting on behalf of the Debtor" perpetrated the alleged fraud. Plaintiff makes no factual allegation to support its conclusory allegation that WilliamMRK or Myers acted on the Debtor's behalf when making false invoices related to improvements done on WilliamMRK's properties. As before, Plaintiff's conclusory assertions of fraud and agency, which are wholly unsupported by any factual allegations, are a naked attempt to manufacture a claim against the Debtor's assets where none exists.

37. Accordingly, Plaintiff's Sixth Claim should be dismissed pursuant to Federal Rule of Civil Procedure 9(b), as made applicable to this case by Federal Rule of Bankruptcy Procedure 7009, for failure to plead fraud with particularity.

WHEREFORE, Defendant Collegiate Peaks Bank respectfully requests that the Court enter an Order (1) dismissing each of the Fourth and Fifth Claims for Relief asserted in the Complaint, with prejudice, for failure to state a claim, (2) dismissing each of the First and Second Claims for Relief asserted in the Complaint, with prejudice, for lack of subject-matter jurisdiction based on lack of standing, (3) dismissing the Seventh Claim for Relief for lack of jurisdiction, and (4) dismissing the Sixth Claim for Relief asserted in the Complaint, with prejudice, for failure to plead fraud with particularity, and for such other relief as this Court finds just and proper.

Dated: February 23, 2023

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: /s/ *William Ojile*
William Ojile (CO # 26531)
Lance Hernandez (CO # 52530)
4643 S. Ulster St., #800
Denver, CO 80237
Telephone: (720) 200-0676
Facsimile: (720) 200-0679
lhernandez@atllp.com
wojile@atllp.com

*ATTORNEYS FOR COLLEGIATE PEAKS BANK*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 23rd of February, 2023, **DEFENDANT COLLEGIATE PEAKS BANK'S MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR DAMAGES AND FOR DETERMINATION OF VALIDITY, EXTENT AND PRIORITY OF LIENS** was efiled and served upon all listen counsel of record through the ECF system.

/s/ *Jana Shuster*